**CHICAGO AND NORTH WESTERN
RAILWAY COMPANY, Plaintiff,**

v.

**T. FREDERICK JACKSON, INC. and
Morgan Power Apparatus Corp.,
Defendants.**

**No. 3–70 Civ. 57.**

United States District Court,
D. Minnesota,
Third Division.

Jan. 7, 1972.

Stringer, Donnelly, Allen & Sharood,
by A. James Dickinson, St. Paul, Minn.,
for plaintiff.

Dudley, Smith, Copeland & Belisle, St.
Paul, Minn., appeared for T. Frederick
Jackson, Inc.

Briggs & Morgan, by Samuel L. Hanson, St. Paul, Minn., appeared for defendant Morgan Power Apparatus Corp.

NEVILLE, District Judge.

Plaintiff Railroad has brought this lawsuit to recover freight charges on a shipment from Arlington, Oregon to Hopkins, Minnesota. The total freight bill was $13,197.43 of which $2,000 has been paid. Defendant T. Frederick Jackson, Inc. is the shipper and its counsel admits under the applicable statutes and law that as the shipper it has a liability for the freight charge. It does not deny that summary judgment should be entered against it. The eight bills of lading did contain a provision as follows:

"Subject to Section 7 of Conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges."

The consignor did not sign this provision however and so is not relieved on this basis of its primary responsibility for freight charges. The shipper's prin-

cipal claim is that the ultimate consignee in reality should pay the freight charges.

■ This is a matter of dispute between the consignor and consignee growing out of a claimed joint adventure and is the subject of future litigation set forth in a cross claims filed in this case. All of this is of no concern to plaintiff however which merely transported cargo from one to the other without any notice of or participation in the controversy existing between them.

■ The court entered an order on November 25, 1970 permitting the joining by plaintiff of the consignee Morgan Power Apparatus Corporation, as a direct defendant in the law suit. Plaintiff seeks summary judgment against it also, contending that as the consignee of the shipment under 49 U.S.C. § 3(3) even though it was not a named party on the bill of lading yet where the consignor is also the consignee and notifies the carrier in writing to deliver to another party (defendant Morgan here) "the party to whom delivery is so made shall *in any event* be liable for transportation charges billed against the property at the time of such delivery". Obviously plaintiff cannot recover twice but it would seem that it may recover jointly and severally from both the shipper and the consignee to whom transshipped where no contrary intention is made to appear. Though neither counsel has been able to cite any direct authority either way, 49 U.S.C. § 3(3) is statutory authority to affix joint liability on the consignee as well as the consignor.

From requests for admissions served herein and responded to by Morgan but not by Jackson and thereby so admitted as to it, and from answers to interrogatories, it is clear that there is no material factual dispute as to the fact of the shipment, the correctness of the freight charges, the genuineness of the bills of lading, the receipt of the shipment by the consignee and the accuracy of the facts above stated. Accordingly, it would appear that summary judgment for plaintiff is proper and a separate order has been entered to this effect.